# GS GELBER + SANTILLO

March 19, 2025



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/25

**MEMO ENDORSED**

**VIA EMAIL**
The Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Zoraida Gonzalez,* Case No. 1:20-cr-00199-KMW-4

Dear Judge Wood:

We represent Zoraida Gonzalez in the above-captioned matter and write to respectfully request that the Court terminate Ms. Gonzalez's term of supervised release pursuant to 18 U.S.C. § 3583(e).  ] *Granted*

Ms. Gonzalez has been on supervised release for over 15 months, since December 6, 2023, and she seeks early termination of supervised release so that she can keep her current position as a paid home health aide for her mother under a New York state program. Prior to her sentencing, she was on pretrial supervision for nearly four years. During the last five years of supervision, Ms. Gonzalez has never violated any of the conditions of her supervision, she has always maintained employment and she has been a model supervisee. She is currently on the lowest level of supervision and is only required to check-in monthly online.

Since Ms. Gonzalez has been fully compliant with all conditions of supervision, she has demonstrated a commitment to rehabilitation, she is gainfully employed and she seeks early termination to enable her to continue to be employed as her mother's part-time home health aide, the factors under 18 U.S.C. § 3553(a) weigh heavily in favor of early termination. Probation consents to this motion and the Government defers to Probation.

    **A. Ms. Gonzalez is a single mother** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
       **has been a model supervisee for the past 5 years, working multiple jobs to support herself and her son.**

Ms. Gonzalez is a 49-year-old single mother. On July 14, 2022, she pleaded guilty to healthcare fraud and related offenses for her role in a conspiracy to submit fraudulent claims to Medicaid for medical transportation services. On December 6, 2023, this Court sentenced Ms. Gonzalez to time-served and three years supervised release for her offenses. Ms. Gonzalez's offenses, while serious, did not involve violence or weapons.

Gelber & Santillo PLLC, 52 Duane Street, 7th Floor, New York, NY 10007
Tel: 212-227-4743 Fax: 212-227-7371

The Honorable Kimba M. Wood
March 19, 2025                                                                                                    Page 2



  Ms. Gonzalez was on pretrial supervision for nearly four years (from February 2020 to December 2023) and she has been on supervised release for over a year, and thus meets the criteria for early termination. *See* 18 U.S.C. § 3583(e). Since she has been fully compliant with the conditions of her release, she is on the lowest level of supervision and she is only required to check-in monthly online.

  Since her sentencing, Ms. Gonzalez has also been making regular payments of 5% of her income towards her restitution obligation. Her diligence in making restitution payments is all the more commendable because she works three jobs and still struggles to make ends meet for herself and her son. Ms. Gonzalez's 18-year old son still lives with her, but he is a at a local college, and the family has expenses associated with college.

  Since April 18, 2022, Ms. Gonzalez has been employed full-time as a receptionist and dispatcher at S&J Service Center/Critics Choice Towing, located in Hartsdale, New York. She also cleans commercial office space three times a week. In addition, Ms. Gonzalez spends 20 hours a week working as a paid home health aide to her mother, Dulce Gonzalez, who is 71 years old and needs assistance performing basic tasks due to her ongoing medical issues. Ms. Gonzalez's mother suffers from chronic arthritis and has balance issues, so Ms. Gonzalez takes her to all her medical appointments, does all her cleaning, laundry and grocery shopping, and helps her manage her medications and finances. Under a New York state program, Ms. Gonzalez is paid for this work, but the agency running the program has recently changed and is requiring all home health aides to undergo additional screening to be able to continue with the program. The agency has informed Ms. Gonzalez that she will not be approved to continue in this position if she is serving a term of supervised release.

  This position as a home health aide to her mother is a part-time job that Ms. Gonzalez relies on as an important source of income for her family. If Ms. Gonzalez is not able to continue in this position, she will have to find another part-time job and her mother will have to find another caregiver, which will be disruptive and place an undue burden on her mother, who suffers from a number of medical conditions and relies on Ms. Gonzalez's support to get by.

The Honorable Kimba M. Wood
March 19, 2025
Page 3

    Ms. Gonzalez's conditions of release impact her employment in other ways, as well. As long as she is under supervision, she cannot supplement her income with flexible jobs through Uber Eats, Grub Hub or other food delivery services, which have similar screening rules. Since Ms. Gonzalez already works two jobs (as a dispatcher and commercial cleaner), her third job has to be one with flexible hours. She needs to keep her home health aide position, and is eager to supplement her income with these other jobs, in part because her son is planning to spend a semester abroad in the fall and she cannot afford for him to do that without these additional part-time employment opportunities. She also no longer receives the child support payments that she once received from her son's father (because of an agreement they have reached regarding payment of their son's college tuition), which has been a further strain on her resources.

### B. Early termination of supervised release is appropriate here.

    After considering the § 3553(a) factors, "[t]he court may ... terminate a term of supervised release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination of supervised release is in the interests of justice and is warranted here because of Ms. Gonzalez's demonstrated rehabilitation ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ her lengthy record of full compliance, and her strong work ethic. *See United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early termination of supervision where defendant maintained steady employment and complied with all conditions of release).

    Early termination would also avoid the disruption that would be caused for both Ms. Gonzalez and her mother if she were to lose her position as a paid home health aide to her mother because she is on supervision. Courts regularly recognize that the pursuit of lawful employment opportunities provides good cause for early termination of supervised release. *See, e.g., United States v. Bennett*, No. 11-CR-424 (AMD), 2021 WL 4798827, at *1 (E.D.N.Y. Oct. 14, 2021) (granting early termination where defendant secured employment that would require him to travel out of state as needed); *United States v. Harris*, 689 F. Supp. 2d 692, 696 (S.D.N.Y. 2010) (granting early termination where terms of defendant's supervision hampered his ability to effectively do his job); *United States v. Buckler*, No. 08 CR 800 SJ, 2011 WL 3439526, at *2 (E.D.N.Y. June 15, 2011) (granting early termination where supervised release interfered with defendant's earning ability).

    Further, Ms. Gonzalez poses no safety risk, as her offense was non-violent, she has already been living under supervision for the last five years with no issues, and she has demonstrated that she is fully rehabilitated. *See United States v. Erskine*, No. 05 CR. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) ("The § 3553(a) factors require [courts] 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" when evaluating a motion for early termination of supervised release).

The Honorable Kimba M. Wood
March 19, 2025                                                                                    Page 4

Given that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation," there is no longer any need for Ms. Gonzalez to remain on supervised release. *Erskine*, 2021 WL 861270, at *2 (granting early termination of supervised release where defendant was "not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family"); *United States v. Hutchinson*, No. 97-CR-1146, 2021 WL 6122745, at *1 (E.D.N.Y. Dec. 28, 2021) (noting that that "the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term," and granting early termination based on defendant's good conduct and successful reintegration into society). Indeed, even the Sentencing Guidelines encourage courts to terminate an individual's supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, App. Note 5 ("The court has authority to terminate … a term of supervised release…. The court is encouraged to exercise this authority in appropriate cases.").

Thank you for your consideration of this matter.

*[Handwritten: The Court grants the motion for early termination of supervised release; the defendant's supervision is terminated.]*

Respectfully submitted,

/s/ Kristen M. Santillo

Kristen Santillo
Fern Mechlowitz

CC:   Assistant U.S. Attorney Brandon Harper

SO ORDERED: N.Y., N.Y.  3/24/25

*[Signature: Kimba M. Wood]*
KIMBA M. WOOD
U.S.D.J.